FILED & JUDGMENT ENTERED
David E. Weich

Jul 11 2006

Clerk, U.S. Bankruptcy Court
Western District of North Carolina

_____
George R. Hodges
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
Shelby Division

IN RE:                              )    Case No. 06-40192
                                    )    Chapter 13
**MARCELLA ANN SPRINGS,**           )
                                    )
          Debtors.                  )
_____)

**ORDER**

This matter comes before the court upon the Trustee's Objection to Confirmation. The Trustee objected to confirmation of the debtor's Chapter 13 Plan because it fails to provide for any pre-confirmation adequate protection payments for 910- and 365-day personal property claims under 11 U.S.C. § 1325(a)(9). After consideration of the matter, the court has concluded that the debtor must provide pre-confirmation adequate protection payments for 910- and 365-day personal property claims.

**FINDINGS OF FACT**

1. Under paragraph 9, "Special Terms," the debtor's Chapter 13 Plan provides as follows:

> The Plan filed in this case does not provide for any
> pre-confirmation adequate protection payments to any

  creditor holding a claim described in the paragraph attached to the end of Section 1325(a)(9) (the so-called "hanging paragraph" creating the 910 and 365 day personal property claims). The Plan so provides since Section 506 does not apply to any of these claims and therefore creditors holding such clams cannot have an allowed secured claim under Section 502 of the Code. As a result, Section 1326(a)(1)(C), which provides for the adequate protection payments to 'creditors holding an allowed claim secured by personal property,' would have no application to these claims.

  2. The Trustee objected to confirmation of the debtor's Plan on the basis that it did not provide for adequate protection payments for 910 and 365-day claims.

## CONCLUSIONS OF LAW

  3. Judges for Bankruptcy Courts in the Middle and Eastern Districts of North Carolina have addressed the effect of the "hanging paragraph" of § 1325(a)(5), which was added to the Code by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"). In In re Brooks, Case No. 05-10644-8-JRL (Bankr. E.D.N.C. June 9, 2005), Judge Leonard held that a 910 claim may be an allowed secured claim for the purposes of § 1325(a)(5), regardless of the inapplicability of § 506. In addition, Judge Leonard found that 910 claims cannot be bifurcated and should be allowed in the amount of the balance owed as of the petition date. See In re Brooks at 7 (citing In re Fleming, 339 B.R. 716, 722 (Bankr. E.D. Mo. 2006). Finally, Judge Leonard ruled that interest should be paid on the 910 claim at the Till rate.

4. This court agrees with and adopts the reasoning of Judge Leonard in the <u>Brooks</u> case. Consistent with that case, this court holds that a 910 or 365-day claim may be an allowed secured claim. Thus, the debtors' plan must provide for pre-confirmation adequate protection payments for 910 and 365-day claims pursuant to 11 U.S.C. § 1326(a)(1)(C). Accordingly, the court sustains the Trustee's Objection to Confirmation and allows the debtor 30 days from the entry of this order to file a plan consistent with the terms of this Order.

It is therefore **ORDERED** that:

1. The Trustee's Objection to Confirmation is SUSTAINED.

2. The debtor has 30 days from the entry of this order to file a plan consistent with the terms of this Order.

**This Order has been signed electronically.**    **United States Bankruptcy Court**
**The judge's signature and court's seal**
**appear at the top of the Order.**